UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ERETRIUS CHARGOIS**                                                  **CIVIL ACTION**

**VERSUS**                                                                    **NO. 19-110-BAJ-RLB**

**UNITED RENTALS, INC., ET AL.**

## ORDER

Before the Court is the Motion to Compel filed by Plaintiff, Eretrius Chargois, on December 2, 2019. (R. Doc. 21). Defendant, United Rentals, Inc. ("United"), filed its Memorandum in Opposition on December 23, 2019. (R. Doc. 24).

**I.     Background**

Plaintiff initiated this action in state court on January 31, 2019 with the filing of his Original Petition for Damages. (R. Doc. 1-2). Therein, Plaintiff alleges that he was working at a United facility on or about February 8, 2018, and sustained severe personal injuries when a United employee negligently caused a heavy load to be dropped on him. (R. Doc. 1-2 at 2). Accompanying his Original Petition for Damages, Plaintiff caused to be served upon Defendants his First Set of Interrogatories, Requests for Production, and Requests for Admission. (R. Doc. 1-4 at 7-24). United responded to Plaintiff's discovery requests on December 2, 2019. (R. Doc. 1-2).

Defendants removed this action to federal court on February 20, 2019 with the filing of their Notice of Removal, alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332. (R. Doc. 1).

**II.     Law and Analysis**

    **A.     Legal Standard**

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). The court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

"When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A).  Blanket assertions of a privilege are unacceptable, and the court and other parties must be able to test the merits of a privilege claim. *United States v. El Paso Co.*, 682 F.2d 530, 541 (5th Cir. 1982) (citing *United States v. Davis,* 636 F.2d 1028, 1044 n. 20 (5th Cir. 1981)).

A party must respond or object to interrogatories and requests for production. *See* Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A).  This default date may be modified by stipulation between the parties. Fed. R. Civ. P. 29(b).  If a party fails to respond fully to discovery requests in the time allowed by the Federal Rules of Civil Procedure, the party seeking discovery may move to compel responses and for appropriate sanctions under Rule 37.  An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

**B.    Analysis**

Plaintiff seeks to compel response to his Requests for Production of Documents Nos. 20-23, and 102, which seek the following:

Request for Production of Documents No. 20

Produce photographs, tape recordings, reports, moving pictures, or video reproductions that represent surveillance of Plaintiff(s) at any time.

Request for Production of Documents No. 21

Produce all reports, briefs, and/or memos concerning surveillance of Plaintiff(s).

Request for Production of Documents No. 22

Produce all communications regarding this case and surveillance of Plaintiff(s) including all emails and correspondence.

Request for Production of Documents No. 23

Produce all billing and time records of any person or firm performing any work on this case as it relates to surveillance of Plaintiff(s).

Request for Production of Documents No. 102

Produce all materials obtained via social media (i.e. Facebook, Instagram, LinkedIn, Twitter, MySpace, etc.) regarding Plaintiff.

(R. Doc. 21-2 at 13, 17). United objected to the aforementioned document production requests on the grounds of work produce privilege, as well as documents prepared in anticipation of litigation. (R. Doc. 21-3 at 14-15, 35). In Opposition, United makes an additional argument that it has the right to withhold surveillance and social media materials until after Plaintiff's deposition. (R. Doc. 24 at 2-3). Plaintiff does not address this argument in a reply.

### 1.    **Surveillance and Social Media Materials**

Plaintiff seeks to compel production of surveillance and social media materials to which United has objected on the grounds of privilege. United does not appear to have affirmatively represented that it has in its possession surveillance or social media materials, but does suggest that it would "produce any surveillance video, photographs, and social media information in its possession within 5 days after Plaintiff's deposition." (R. Doc. 24 at 1).[1] Further, the parties draw no distinction surrounding the timing of any surveillance or social media materials, i.e., whether such evidence contemporaneous with or prior to the incident should be treated differently from

---

[1] There is an indication in the record that Plaintiff's deposition was to have been taken on February 27, 2020. (R. Doc. 26). If the deposition proceeded as planned, and if United produced the materials at issue five days later, then the instant motion may be moot.

4

any such evidence that post-dates the incident. There is also no distinction as to whether the social media materials are those intended to be used at trial or were simply collected by the defense.

United argues that it has the right to withhold surveillance and social media materials until after the plaintiff's deposition, and "agrees to produce any surveillance video, photographs, and social media information in its possession within 5 days after Plaintiff's deposition." (R. Doc. 24 at 1). United cites several circuit cases that support its position, none of which are controlling of the outcome herein. *See, e.g., Tennessee Gas Pipeline v. Rowan Companies*, 1996 WL 592736 (E.D. La. Oct. 11, 1996); *Romero v. Chiles Offshore Corp.*, 140 F.R.D. 336 (W.D. La. 1992); *Diaz v. Griggs*, 2007 WL 4522495 (E.D. La. Dec. 18, 2007); *Smith v. Diamond Offshore Drilling, Inc.*, 168 F.R.D. 582 (S.D. Tex. 1996).

The Court notes, as an initial matter, that courts in this circuit have not applied a consistent position, and the parties cite no controlling precedent. For example, in *Krekorian v. FMC Techs., Inc.*, 2017 WL 1284191, at *2 (E.D. La. Apr. 6, 2017), the court weighed the competing interests defendants have in the impeachment value of such evidence with plaintiff's interest in its substantive value, and concluded "that the proper procedure to preserve the substantive and impeachment values of such evidence is to require production of the surveillance tapes *after* the Plaintiff's deposition." On the other hand, in *Grubbs v. Winn Dixie Properties, LLC*, 2015 WL 3892555, at *2-4 (E.D. La. June 17, 2015), the court "disagree[d] with the rationale that defendant's interest in preserving the element of surprise and any impeachment value in its surveillance video (which may be minimal) essentially outweighs plaintiff's interest in seeing defendant's substantive evidence and being able to test the accuracy and completeness of surveillance films before being deposed, when neither the Federal Rules nor any Fifth Circuit

case law supports such a ruling," and ordered that defendants "produce the requested video before plaintiff is deposed."

The Court agrees with the approach in *Grubbs* and the reasoning advanced therein. *Grubbs*, 2015 WL 3892555 at *2 ("Civil discovery is not a game of ambush.") The Fifth Circuit has held that regardless of whether surveillance video has *some* impeachment value, it must be produced if it contains *any* substantive evidence. *Chiasson v. Zapata Gulf Marine Corp.*, 988 F.2d 513, 517-18 (5th Cir. 1993) (concluding that surveillance tape that did not necessarily impeach plaintiff's testimony regarding her injuries was at least in part substantive, and should been disclosed prior to trial). That the materials may contain some impeachment value is insufficient grounds for the court to allow United to withhold the materials until after the Plaintiff's deposition. Federal civil discovery is not a game of surprise. *See Bradley v. Liberty Mut. Group, Inc.*, 2013 WL 3864316, at *3 (M.D. La. July 24, 2013). The federal rules promote broad discovery so that all relevant evidence is disclosed as early as possible, allowing each side to knowledgeably evaluate the strength of its evidence and chances of success. United seeks an exception, allowing it to withhold substantive discovery that it has determined is helpful to its case so it can first depose the Plaintiff without revealing this evidence. Allowing parties to withhold their best evidence – substantive and impeachment – until after depositions would nullify the discovery process.  Every party would request such relief.

While the Court may have discretion to allow such a practice under certain circumstances, it will not do so in this case. United shall provide complete responses to Plaintiff's Request for Production Nos. 20, 21, 22, 23, and 102 within thirty (30) days of the date of this Order.

### 2. Privilege

Rule 26 provides that "[w]hen a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). This Court's local rules require that any privilege log must contain "at least the following information: name of the document, electronically stored information, or tangible things; description of the document, electronically stored information, or tangible thing, which description must include each requisite element of the privilege or protection asserted; date; author(s); recipient(s); and nature of the privilege." LR 26(c).

United argues that the work-product doctrine protects surveillance materials other than videos and photographs. (R. Doc. 24 at 4-7). United does not, however, provide any evidence that it complied with its duty to provide an adequate privilege log that would allow Plaintiff and this Court to assess the sufficiency and validity of an assertion of privilege. The Court will not endeavor to address the issue of privilege in a vacuum, or as to broad categories of unspecified responsive information.

To the extent United has in its possession any responsive information it suggests is privileged, United shall produce a privilege log to Plaintiff in compliance with the Federal Rules within thirty (30) days of the date of this Order, contemporaneous with the substantive responses required herein. Plaintiff may then assess the nature of the privilege claimed, and seek intervention from the Court by way of motion after attempting to resolve any issues among the parties pursuant to Rule 37.

### III.    Conclusion

Based on the foregoing,

**IT IS ORDERED** that the Motion to Compel (R. Doc. 21) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant, United Rentals, Inc., shall produce complete responses to Plaintiff's Requests for Production Nos. 20, 21, 22, 23, and 102 within fourteen (14) days of the date of this Order, accompanied by a contemporaneous privilege log as set forth more fully herein, unless otherwise agreed to by the parties.

Signed in Baton Rouge, Louisiana, on April 15, 2020.

            **RICHARD L. BOURGEOIS, JR.**
            **UNITED STATES MAGISTRATE JUDGE**